**Brock v. United Benefit Life Insurance Company**

*Schumacker and Lunkenheimer,* for plaintiffs.

*William J. Toy* and *Walter B. Gibbons,* for defendant.

SPAETH, J., April 9, 1969.—Defendant has moved for summary judgment.

In resisting the motion, plaintiffs argue that defendant's insurance policy is difficult to read. This, however, presents a question not of fact but of law, which may be resolved now.

It is admitted that: on September 11, 1962, plaintiffs' decedent ceased active work because of disability; from September 11, 1962, until May 30, 1964, plaintiffs' decedent received medical treatment; plaintiffs' decedent died on May 30, 1964; and defendant has paid for the medical treatment up to December 31, 1963. The question is whether defendant is obliged to pay for the treatment from December 31, 1963, to May 30, 1964.

Paragraph 4 of defendant's policy provides that:

"The insurance of any protected person . . . shall terminate on . . . the first day of the policy month following the date he ceases to be within the classes of persons eligible for the insurance under the policy."

"A person who is eligible . . . shall cease to be . . . eligible . . . upon termination of employment [which shall be defined] as cessation of active work . . . because of disability."

From this it would seem that defendant's liability ceased on September 11, 1962. However, defendant's policy also provides, in a paragraph entitled "EXTENDED COVERAGE":

"If a protected person . . . on the date of termination . . . shall be totally disabled . . . benefits will be paid during such disability . . . as if the insurance had not terminated . . . ."

From this it would seem that defendant should have paid for the treatment of plaintiffs' decedent until death, which is what plaintiffs claim defendant should have done. However, immediately after the language just quoted there appears:

"provided, however, . . . no benefits shall be paid in any event for charges incurred later than the last day of the calendar year following the calendar year in which the insurance terminated."

Plaintiffs admit that defendant has complied with this proviso. They argue, however, that the policy is difficult to read, asserting that "[o]nly repeated very careful readings of the entire policy will reveal" how defendant concluded what amount of insurance it should pay. (Page 4 of plaintiffs' brief.) Plaintiffs also refer to a sheet attached to the policy and entitled "PLAN OF INSURANCE", noting that this states that the "Maximum Payment" for any one accident or sickness is $10,000, which would include all of the expenses of plaintiffs' decedent's treatment and is less than defendant paid.

It may be granted that the policy is not easy to read. However, it is unlikely that plaintiffs' decedent misunderstood it, as he was the chairman of the board of the company whose employes the policy covered. In any case, the policy is not so difficult to read as plaintiffs claim. It is clear that coverage terminates "upon . . . cessation of active work . . . because of disability." The only way to discover that plaintiffs' decedent was entitled to coverage despite this provision is to find the "EXTENDED COVERAGE" provision in the policy; and when this provision is found, it is clear that defendant has paid all that it is obliged to.

So far as the "PLAN OF INSURANCE" is concerned: This refers to "insurance for a protected person." What plaintiffs' argument comes down to is

that they are not obliged to read the policy to determine what "protected person" means.

## ORDER

And now, April 9, 1969, defendant's motion for summary judgment is granted and plaintiffs' complaint is dismissed.